IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v | * | Criminal Case: ELH-17-0191 |
| GREGORY WHISONANT, | * | |
| | * | |
| | *** | |

**MEMORANDUM**

Defendant Gregory Whisonant, the leader of a drug trafficking organization, entered a plea of guilty on April 25, 2018, to the offenses of conspiracy to distribute one kilogram or more of heroin, in violation of 21 U.S.C. § 846, and possession of a firearm in furtherance of a drug trafficking crime, under 18 U.S.C. § 924(c). *See* ECF 63, ECF 148, ECF 149. He is serving a revised sentence of 295 months of imprisonment. ECF 336, ECF 337.[1]

Defendant filed a "Motion to Compel" on March 4, 2022. ECF 301 (the "Motion" or "Motion to Compel").[2] In the Motion, defendant seeks to compel his former defense attorney, Ryan Burke, to produce his "entire work product file," because defendant wants to "pursue . . . appropriate relief as mandated by the [C]onstitution." *Id.* at 1. Some of the items defendant seeks are publicly accessible, such as motions and responses. But, he also requests

---

[1] The Court initially sentenced defendant to a total term of 360 months of imprisonment. ECF 180. But, defendant moved for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). ECF 309. And, the Court granted that motion, in part, reducing the total sentence to 295 months. ECF 332, ECF 333.

[2] The Court discussed the Motion to Compel in its Memorandum Opinion of June 26, 2023, addressing defendant's motion for compassionate release. *See* ECF 332 at 43-44.

"counsel's impression[s] and/or notes and legal theories for anticipated litigation." *Id.*; *see also id.* at 2.

At the Court's request (ECF 302), Burke responded on April 28, 2022. ECF 306. Then, by Order of August 9, 2023 (ECF 342), the Court directed the government to respond to the Motion to Compel. Its response is docketed at ECF 339. Thereafter, by Order of August 1, 2023 (ECF 340), I gave defendant until August 31, 2023, to reply. Upon defendant's request for an extension (ECF 341), I extended defendant's reply date to September 30, 2023. ECF 342. However, Mr. Whisonant has not replied. *See* Docket.

No hearing is necessary to resolve the Motion. *See* Local Rule 105.6. For the reasons that follow, I shall deny the Motion to Compel.

## I.     Factual and Procedural Background

Whisonant was the lead defendant in this extremely serious drug case. During the course of the conspiracy, Donya Rigby, a young member of the drug conspiracy, was senselessly murdered by two other members of the drug conspiracy, both of whom are codefendants in the case. The murder was captured by audio, as it happened, during an authorized wiretap.

As noted, defendant entered a plea of guilty in April 2018, to the offenses of conspiracy to distribute one kilogram or more of heroin (Count One) and possession of a firearm in furtherance of a drug trafficking crime (Count Three). ECF 148, ECF 149. At sentencing on July 19, 2018 (ECF 178), the Court imposed a total term of 360 months of imprisonment. ECF 180. Defendant appealed (ECF 182), but he later voluntarily withdrew his appeal. ECF 208.

Defendant filed a motion under 28 U.S.C. § 2255 (ECF 216, ECF 216-1, ECF 216-2), alleging ineffective assistance by both trial and appellate counsel. By Memorandum Opinion (ECF 251) and Order (ECF 252) of March 3, 2020, I denied the post-conviction petition. Defendant

noted an appeal to the Fourth Circuit. ECF 262. On October 27, 2020, the Fourth Circuit dismissed the appeal. ECF 270. The mandate issued on January 27, 2021. ECF 273, ECF 280. Rehearing was denied. ECF 279.

Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), defendant moved for a reduction of sentence. By Memorandum Opinion and Order of June 26, 2023, I reduced the defendant's sentence from 360 months to 295 months of imprisonment. *See* ECF 332, ECF 333, ECF 334.

The Court has already written several post-judgment opinions. *See* ECF 251, ECF 252 (Memorandum Opinion and Order of March 3, 2020, denying defendant's motion to vacate under 28 U.S.C. § 2255); ECF 332, ECF 333 (Memorandum Opinion and Order of June 26, 2023, granting in part defendant's motion for compassionate release, and reducing his sentence from 360 months to 295 months of incarceration). Because the parties are familiar with the facts, I shall rely on the factual and procedural summaries that I set forth in ECF 251 and ECF 332, which I incorporate here. However, I shall supplement the facts, where necessary.

Burke was not the first CJA attorney to represent the defendant. Burke avers that Whisonant's initial attorney, Harry McKnett, "entered into a nondisclosure agreement with the Government on May 1, 2017, that prohibits the release of discovery from the defense case file to" Whisonant. ECF 306 at 1. Moreover, Burke asserts that he "is not in possession of any documents, notes, or material responsive to the Petitioner's Motion to Compel that falls outside of the discovery protected by the non-disclosure agreement, except for personal information acquired from the Petitioner for the purpose of writing the Sentencing Memorandum in this case." *Id.*

The discovery agreement, ECF 304-1, states, in part: "All discovery is provided on the condition that ***counsel will not give copies of this material to the client*** or to anyone outside

3

counsel's office, absent prior approval of the Government . . . ." *Id.* at 2 (emphasis added); *see also* ECF 306 (same).

Whisonant does not contend that the discovery agreement is unlawful. Notably, defendant provides no information as to the purpose of the Motion, beyond the erroneous claim that the material he seeks "legally belongs" to him. ECF 301 at 1.

## II.     Discussion

"Upon termination of representation, an attorney shall take steps to the extent reasonably practicable to protect a client's interests, such as ... surrendering papers and property to which the client is entitled." Md. R. of Prof. Conduct 19-301.16(d); *see United States v. Basham*, 789 F.3d 358, 388 (4th Cir. 2015) (reviewing legal authority requiring counsel to deliver client's file upon termination of representation). Nevertheless, "[g]enerally, criminal defendants do not have a constitutional right to discovery, absent a statute, rule of criminal procedure, or some other entitlement." *United States v. Uzenski*, 434 F.3d 690, 709 (4th Cir. 2006); *see, e.g., United States v. Palacios*, 677 F.3d 234, 246 (4th Cir. 2012) ("Rule 16 imposes upon parties an ongoing duty to disclose 'additional evidence or material' discovered 'before or during trial ... if ... the other party previously requested, or the court ordered, its production.'") (quoting Fed.R.Crim.P. 16(c)).

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). The "broad discovery provisions of the Federal Rules of Civil Procedure [do] not apply in habeas proceedings." *Id.* (citation and internal quotation marks omitted).

As the government notes, Whisonant has exhausted his direct appeal. Specifically, he pled guilty and waived his right to appeal his conviction and sentence. *See* ECF 149. Yet, he noted a direct appeal (ECF 182), then voluntarily dismissed that appeal a few months later. ECF 208.

4

Thus, the federal rules of appellate procedure, and the related rules of criminal procedure, do not warrant any further discovery.

To be sure, the § 2255 rules allow for discovery if the moving party shows "good cause." Rule 6(a) of the *Rules Governing Section 2255 Proceedings for the United States District Courts*. But, Whisonant cannot show good cause because those rules are unavailable at this time. In particular, Whisonant has already filed a § 2255 motion (ECF 216) and this Court denied relief. ECF 252. Defendant appealed (ECF 262), but the Fourth Circuit dismissed the resulting appeal. ECF 270.

Notably, there is no pending motion under 28 U.S.C. § 2255. And, in order to file another such motion, Whisonant must first obtain authorization from the Fourth Circuit. *See* 28 U.S.C. § 2255(h). The docket does not reflect that Whisonant has sought or obtained the requisite authorization for a new § 2255 motion. Thus, the § 2255 rules are also unavailable to him.

Moreover, this Court's Standing Order 2020-01 prohibits Whisonant from having discovery materials, absent government consent or Court Order.

The government aptly observes, ECF 339 at 2: "The danger associated with allowing defendants to maintain criminal discovery materials in their prison cells is well-documented." Indeed, in *United States v. Hall*, 506 F. App'x 245 (4th Cir. 2013), the Fourth Circuit recounted the fatal consequences that stemmed from the violation of a discovery agreement that barred the client from retaining physical copies of discovery. *Id.* at 247. Specifically, a defense attorney violated the agreement and provided an investigative report of an interview to his client. *Id.* The interview was publicly circulated, and it culminated in the murder of the interviewee. *Id.*

In the aftermath of this tragedy, the District Court for the District of Maryland commenced issuance of standing orders designed to prevent the disclosure of sensitive information that could

lead to violence and murder. *See* Standing Order 2012-10; Standing Order 2015-04. Due to ongoing safety concerns, the Court issued another order in 2019. It provided that guilty plea and sentencing transcripts would only be sent to defense counsel of record or to the warden of a defendant's prison. *See* Standing Order 2019-06. Transcripts may not be provided directly to an inmate.

And, on February 5, 2020, the Court issued Standing Order 2020-01. It provides that physical copies of discovery material may not be sent directly to an incarcerated defendant, absent consent from the government or an Order of the Court.

As the government observes, prosecutors and defense attorneys have endeavored to address safety concerns that may flow from disclosure of discovery to a defendant. ECF 339 at 3. The government observes that "the parties routinely executed discovery agreements, which provided early disclosures of information in exchange for defense attorneys agreeing to not provide physical copies to their clients. This provided an additional layer of protection against the kind of witness retaliation and violence that had plagued the system as detailed in *Hall*. *See United States v. Gaver*, 815 F. App'x 700, 702 (4th Cir. 2020) (rejecting ineffective assistance claim against defense counsel who entered into discovery agreement with government that limited sharing of physical copies of evidence with defendant)."

I agree with the government that Whisonant is not entitled to the requested relief.

Therefore, I shall deny the Motion, without prejudice.

An Order follows.

Date:  December 11, 2023                         /s/
                                    Ellen L. Hollander
                                    United States District Judge